831 F.2d 294
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Habib HABBA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 86-3743.
 United States Court of Appeals, Sixth Circuit.
 Oct. 19, 1987.
 
 Before ENGEL, MERRITT and RYAN, Circuit Judges.
 MERRITT, Circuit Judge.
 
 
 1
 In this appeal from a decision of the Board of Immigration Appeals (BIA), the issue is whether the Board erred in affirming the decision of an immigration judge denying petitioner's request for asylum and withholding of deportation. We hold that the BIA's decision was justified and we therefore affirm.
 
 
 2
 Petitioner is an Iraqi citizen who entered the United States in November 1977 as an alien in transit without visa. Petitioner requested asylum, claiming that he was persecuted because of religion. The INS granted the request and placed petitioner in parole status. In 1980, however, the Department of State advised the INS that after a review of conditions in Iraq, it had determined that Iraqi Christians are not automatically subject to persecution on the basis of religion. Petitioner was advised that the INS intended to rescind the grant of asylum; on January 14, 1982, the grant of asylum was terminated. An Order to Show Cause was issued on April 27, 1982. Petitioner made application for asylum and for withholding of deportation. A hearing was held, and the Immigration Judge denied both claims, granting petitioner 30 days to voluntarily depart the country. Petitioner appealed and the BIA affirmed.
 
 
 3
 Petitioner claims that the Immigration Judge erred by applying the same standard in denying his application for asylum as he applied to his request for withholding of deportation. The standard for withholding deportation under 8 U.S.C. Sec. 1253(h) is that an alien must demonstrate that it is more likely than not that the alien would be subject to persecution in his home country, INS v. Stevic, 467 U.S. 407, 429-30 (1984). The INS may grant asylum, however, to an alien who has "a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. Sec. 1101(a)(42). This standard is not as stringent as the standard for withholding deportation. INS v. Cardozo-Fonseca, 107 S.Ct. 1207 (1987).
 
 
 4
 While the BIA's and the immigration judge's decisions came before Cardozo-Fonseca was decided, the decisions were based on a finding that petitioner's testimony was not credible. The BIA specifically found that petitioner was ineligible for asylum under either a "clear probability" or "well-founded fear" standard. The finding was not based on a misapplication of the standard. In light of petitioner's prior inconsistent statements we cannot say that the credibility finding lacked substantial evidence. The decision of the BIA is therefore AFFIRMED.